UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHARON T.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:18-cv-05058-TLF

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION TO DENY BENEFITS

Plaintiff appeals the Commissioner's denial of her applications for disability insurance and supplement security income ("SSI") benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance and SSI benefits. Dkt. 10, Administrative Record ("AR") 15. She alleges she became disabled as of January 18, 2012. AR 16. The Commissioner denied her applications on initial administrative review and on reconsideration. AR 15. Following a hearing, an administrative law judge ("ALJ") found plaintiff to be not disabled. AR

15-38. Plaintiff appeals that decision, seeking reversal and remand for further administrative proceedings.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

The ALJ is responsible for determining credibility, and for resolving any conflicts or ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). When evidence is sufficient to support more than one outcome, the Court upholds the ALJ's decision. *Trevizo*, 871 F.3d at 674-75; *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court, however, may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the ALJ's decision for a reason upon which the ALJ did not rely. *Id.* at 1010. Rather, only the reasons the ALJ identifies are considered in the scope of the Court's review. *Id.*

## ISSUES FOR REVEW

1. Whether the ALJ erred in failing to ascribe any limitations to those impairments found to be "severe," including plaintiff's posttraumatic stress disorder ("PTSD") and carpal tunnel syndrome?

2. Whether the ALJ erred in evaluating the medical and psychological opinion evidence in the record?

3. Whether the ALJ erred in rejecting (a) a June 2013 lay witness statement from plaintiff's mother, (b) a May 2013 and an April 2016 lay witness statement from plaintiff's friend Jones, and (c) an April 2016 lay witness statement from plaintiff's friend Hall?

4. Whether the residual functional capacity assessed by the ALJ does not allow for the jobs identified by the vocational expert?

## HOLDING

After carefully considering each of the issues plaintiff has raised, along with the ALJ's decision and the administrative record, the Court holds that the ALJ erred in evaluating the psychological opinion evidence and the April 2016 lay witness statements from Ms. Jones and Ms. Hall. Because of those errors, the ALJ also erred in assessing plaintiff's RFC, in finding she could perform other jobs existing in significant numbers in the national economy at step five of the sequential disability evaluation process, and thus in finding her to be not disabled at that step. The ALJ's decision is therefore reversed and remanded to the Commissioner to further consider those issues.

## DISCUSSION

The Commissioner employs a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. At step five of that process, the ALJ assesses the claimant's residual functional capacity ("RFC") to determine whether he or she can make an adjustment to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). It is the ALJ's burden to show the claimant can perform jobs that exist "in significant numbers in the

national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); 20 C.F.R. §§ 404.1520(e), 416.920(e).

RFC is the maximum amount of work a claimant can do based on the relevant evidence in the record. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *2. In assessing RFC, the ALJ must take into account lay witness testimony regarding the claimant's symptoms, unless the ALJ expressly rejects a lay witness's testimony and gives reasons germane to that witness for doing so. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

In this case the ALJ determined that plaintiff had the RFC to perform a modified range of light work with certain additional mental, postural, and environmental limitations. AR 23. Based on the vocational expert's testimony that an individual with the same RFC—and the same age, education, and work experience of plaintiff—could perform other jobs, the ALJ determined that plaintiff was able to perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled at step five. AR 36-38.

A. <u>Lay Witness Evidence</u>

　　1. <u>Plaintiff's Mother's June 2013 Function Report</u>

In assessing plaintiff's RFC, the ALJ rejected the lay witness statements of plaintiff's mother that plaintiff had difficulty with lifting, squatting, bending, reaching, understanding, concentration, completing tasks, handling stress, and getting along with others. AR 35, 336-37. The ALJ rejected those statements because plaintiff's mother lived in Virginia and did not see plaintiff on a regular basis, and thus could not answer a number of questions about plaintiff's functioning. AR 35.

Friends and family members who are in a position to observe the claimant's symptoms and activities "are competent to testify" as to the claimant's condition. *Valentine v. Comm. of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The ALJ need not accept the testimony of a

family member "who knows little" about the claimant's functional capacity. *Id.*

The ALJ noted that plaintiff's mother did not see plaintiff on a regular basis and could not answer a number of questions about plaintiff's functional capacity. AR 332-37. Answering a question about plaintiff's activities from the time she wakes up until the time she goes to bed, plaintiff's mother stated: "Don't know she lives miles away." *Id.* at 332. Plaintiff's mother also answered "Not sure" to many questions regarding plaintiff's functioning and activities of daily living. *Id.* at 333-37. The ALJ properly rejected plaintiff's mother's statements on this basis.

2. <u>Ms. Jones' May 2013 and April 2016 Statements</u>

Plaintiff's friend, Jones, stated in May 2013: Plaintiff has bouts of depression that seem to be brought on by stressful situations; situations that should easily be handled by others plaintiff's age seem very stressful for her; plaintiff often responds to stress with lethargy and a lack of enthusiasm; and plaintiff often starts small cleaning projects that take days to complete. AR 304. Ms. Jones further stated that plaintiff takes naps throughout the day yet always remains tired, that she is uncomfortable in social settings and seems unable to interact. *Id.*

The ALJ did not address this statement. Citing *Molina v. Astrue*, 674 F.3d 1104 (9th Cir 2012), defendant argues that any error the ALJ made in failing to address Ms. Jones' statement was harmless.

In *Molina*, the Ninth Circuit decided that, "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," the ALJ's failure to discuss that testimony is not *per se* prejudicial. 674 F.3d at 1117.

As defendant points out, plaintiff does not challenge the reasons the ALJ gave for discounting her own testimony concerning symptoms and limitations.

Yet the ALJ in *Molina* referenced all of the lay witness statements, which showed the

ALJ actually reviewed the lay testimony, even though the ALJ did not explain her reasons for rejecting it. 674 F.3d at 1114-15. In this case, nothing indicates the ALJ actually considered Ms. Jones' May 2013 statement, or was aware of its existence. *Molina* is thus distinguishable, and the ALJ's error requires remand.

In another statement (dated April 15, 2016), Ms. Jones discussed plaintiff's need to use the restroom frequently due to digestive issues and severe stomach pain. AR 400. Ms. Jones stated plaintiff's stomach pain was so debilitating at times that plaintiff would get stuck on the toilet and not want to be touched or moved. *Id.* Ms. Jones further stated that plaintiff had issues with her knees that caused her to hobble around and limp, and prevented her from walking up the three flights of stairs to her apartment or standing for long periods of time. *Id.*

The ALJ summarized this statement (AR 35), but did not describe any reasons for rejecting it. *Diedrich*, 874 F.3d at 640 (ALJ must give germane reasons for rejecting lay witness testimony). Nevertheless, that error was harmless. Unlike the ALJ's failure to address Ms. Jones' May 2013 statement, the ALJ expressly mentioned the April 2016 statement and therefore was clearly aware of it. The ALJ also specifically discounted plaintiff's symptom testimony regarding her stomach issues. AR 20, 31-32; *Molina*, 674 F.3d at 1117 (where lay witness testimony describes the same limitations the claimant describes, the reasons the ALJ offers for rejecting the claimant's testimony apply equally well to the lay witness testimony).

3. Ms. Hall's April 2016 Statement

Another friend of plaintiff's, Hall, offered a statement dated April 11, 2016, in which she described plaintiff as having to deal with pain and limited mobility due to her stomach issues and leg problems. AR 397. Ms. Hall further stated that plaintiff experienced random bouts of cramping, had severe nausea and "pain to the point where she can hardly sit upright," and was unable to stand for long periods of time. *Id.*

The ALJ made no mention of Ms. Hall's statement. The record fails to show the ALJ was aware of or actually considered those observations, and Ms. Hall's observations go beyond the general concerns expressed by plaintiff and others about stomach discomfort. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (refusing to dismiss error as harmless if doing so would require affirming denial of benefits on a ground not invoked by the ALJ). Under *Molina*, therefore, the ALJ's error in failing to address Ms. Hall's statement is not harmless.

B.      Medical Opinion Evidence

     1.      Treating Physician Jonathan Borchers, M.D.

In a form he completed in February 2012, Dr. Borchers noted that plaintiff's depression and fibromyalgia would require accommodations or considerations. AR 1855. He found that plaintiff's conditions limit her ability in prolonged standing and heavy lifting. *Id.* He opined that plaintiff is limited to sedentary work and can work only 21-30 hours per week. AR 1855, 1857.

The ALJ gave this opinion "little weight." He explained that he found "no objective basis for limiting her ability to walk or to work more than 30 hours a week." AR 33. He noted that Dr. Borchers wrote that plaintiff was more limited by depression than physical impairments but elsewhere noted that plaintiff's depression was stable. *Id.* The ALJ noted that plaintiff was found to walk with a normal gait. He noted that plaintiff was able to live independently and care for a son whose age was between 9 and 13 at the time and had attention deficit disorder. And he noted that plaintiff traveled to Virginia multiple times without any reported health obstacles. *Id.*

Because the reviewing physicians' opinions contradicted Dr. Borchers's opinion, the ALJ was required to give specific and legitimate reasons to discount it. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Moreover, an ALJ may reject an opinion on the limiting effects of impairments when the opinion consists "primarily of a standardized, check-the-box form in which [the provider] failed to provide supporting reasoning or clinical findings, despite being

instructed to do so." *Molina*, 674 F.3d at 1111-12; *but see Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014) (mere fact that opinion is provided on "check box" form is not sufficient to reject it). The ALJ gave adequate reasons for discounting Dr. Borchers's opinion regarding physical symptoms and related work limitations, yet substantial evidence does not support the ALJ's rejection of Dr. Borchers's psychological findings.

Treatment records indicate that plaintiff can walk normally and with a normal range of motion, and she shows no tenderness, weakness, or loss of sensation in her legs. *See* AR 438, 441, 452, 991, 1379, 1382, 2219. While plaintiff cites Dr. Borchers's treatment records as a whole in response, she does not identify any records that undermine the ALJ's findings. *See* Dkt. 19, p. 3 (citing AR 798-909, 976-98, 1601-86, 2196-2234).

On the other hand, Dr. Borchers's opinion that plaintiff was more limited by depression than physical impairments was not a valid reason to discount his opinion. The ALJ found Dr. Borchers observed that plaintiff's depression was stable, AR 33, 805, 814, yet Dr. Borchers also described fatigue, bipolar affective disorder, and depression. AR 2059-2078. The longitudinal record contains ample evidence of plaintiff's serious debilitating symptoms of PTSD and depression, and those symptoms changed over time. *See* AR 696, 926, 966, 1112, 1255, 1271, 1772, 1775, 1777, 1837, 1840, 1850, 1873, 2078, 2093, 2114, 2116, 2128-29, 2142, 2213. The United States Court of Appeals for the Ninth Circuit has held that cycles of improvement and worsening symptoms are common for mental illness. *Garrison,* 759 F.3d at 1016-18. The contradiction of a medical source opinion by a few, isolated treatment notes is not a sufficient basis to disregard the opinion. In *Martinez v. Berryhill*, the court held that the ALJ erred in disregarding the treating psychiatrist's opinion, when the ALJ determined that the psychiatrist's opinion was not supported by the record, because the "ALJ isolated two treatment notes that

reflected some improvements, rather than considering the treatment records as a whole, which showed the severity of [the claimant's] condition and supported [the treating psychiatrist's] opinion." 721 F. App'x 597, 599 (9th Cir. 2017). The longitudinal record does not support the ALJ's finding that plaintiff's depression was not significantly limiting. Rather, there is ambiguity that the ALJ must review and reconsider on remand.

### 2. Treating "Other Source" Vivian Dinnel, MSW

Ms. Dinnel, plaintiff's treating therapist, provided treatment and several reports regarding plaintiff's mental-health limitations between April 2013 and January 2015. AR 1772, 926, 1826, 1850, 2005, 2092. She noted that plaintiff has PTSD and major depressive disorder. AR 1826, 1850, 2005. In one report, she found that these conditions affect plaintiff's ability to comprehend oral instructions, sit for long periods of time, or have reliable attendance, productivity, and social interaction. AR 2005. In another report, she indicated the plaintiff has poor concentration and that her paranoia, hypervigilance, and poor emotional self-regulation limit her ability to interact. AR 1826. In another, she found that plaintiff "can be expected to call in sick frequently and may need excessive supervision." AR 1850. And in another evaluation, she found that plaintiff would not be able to follow a regular work schedule "due to distrust of other individuals in general," and that she experiences extreme anxiety. AR 2092. Ms. Dinnel opined in each report that plaintiff could not work any number of hours during the week. AR 1826, 1850, 2005, 2092.

The ALJ gave each of these opinions "little weight." AR 33. He found that the opinions "are inconsistent with the objective evidence, including Ms. Dinnel's own treatment notes." He cited specific treatment notes where Ms. Dinnel made mostly unremarkable observations on mental status examinations. AR 33-34; *see* AR 696, 1255, 1271 (noting depressed mood and affect), 1775. He also noted that one of Ms. Dinnel's evaluations came soon after plaintiff returned from a two-month trip to Virginia. AR 1777.

Because Ms. Dinnel, a Licensed Mental Health Professional who also has a master's degree in social work, does not qualify as an "acceptable medical source" under the regulations, the ALJ was required to give only germane, supported reasons to discount her opinions. 20 C.F.R. § 404.1513(d)(1) (version effective before March 2017); SSR 06-3p; *Molina*, 674 F.3d at 1111.

The ALJ did not do so here. Although some of the objective mental status findings were not severe, the longitudinal evidence shows that the plaintiff had been suffering from debilitating symptoms of PTSD, depression and bipolar affective disorder since 2009. *See* AR 696, 926, 966, 1112, 1255, 1271, 1772, 1775, 1777, 1837, 1840, 1850, 1873, 2078, 2093, 2114, 2116, 2128-29, 2142, 2213. There are repeated assessments from physicians, licensed psychologists, and other health care professionals, consistently reporting that she cannot perform normal functions in the competitive work place due to her psychological conditions. The record does not support the ALJ's finding here, as the exam findings he cited do not necessarily undermine Ms. Dinnel's opinions that plaintiff would be so severely limited in concentration, comprehension, social interaction, and emotional self-regulation that she could not work for any length of time. *Garrison v. Colvin,* 759 F.3d 995, 1016-18 (9th Cir. 2014). The ALJ should review Ms. Dinnel's assessments and treatment notes on remand to resolve the ambiguity.

3. <u>Treating "Other Source" Svetlana Vasilkiv, ARNP</u>

Another treating provider, ARNP Vasilkiv, opined in an October 2012 treatment note that plaintiff's "mental health seems to be a main barrier for her ability to work," as it "interferes with her ability to interact [with] people, concentrate and follow directions." AR 858, 861. She added that plaintiff needed to continue to work with mental health management and that her ability to work may be impaired for three months. *Id.*

The ALJ gave ARNP Vasilkiv's opinion "little weight." AR 35.

1   Plaintiff asserts that the ALJ erred in discounting ARNP Vasilkiv's opinion, but that error
2   would be harmless: even if the ALJ credited ARNP Vasilkiv's opinion, it would not support a
3   finding of disability because ARNP Vasilkiv indicated that plaintiff's impairment would last
4   only three months. AR 858, 861; *see* 42 U.S.C. § 1382c(a)(3)(A) (defining disability as inability
5   to work due to impairments that "ha[ve] lasted or can be expected to last for a continuous period
6   of not less than twelve months").

    4.   Reviewing Physician Trula Thompson, M.D.

Finally, plaintiff challenges the ALJ's decision to give "some weight" to the March 2012 opinion of Dr. Thompson, a reviewing physician. *See* AR 34, 2192. The ALJ explained that Dr. Thompson's opinion that plaintiff can perform light work was consistent with the evidence as the ALJ discussed it. AR 34. Plaintiff contends that Dr. Thompson's opinion was based on an incomplete review of the record, as she did not view any evidence after December 2013, and that Dr. Thompson did not consider the impact of plaintiff's mental conditions on her functioning. *See* AR 2192.

Plaintiff does not identify any error in the ALJ's consideration of Dr. Thompson's opinion. A non-examining physician's opinion may constitute substantial evidence when it is "consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Plaintiff does not identify evidence that conflicts with Dr. Thompson's opinion. Her contention that the ALJ should have found greater limitations based on the results of a shoulder MRI that Dr. Thompson summarized, AR 2192, 2206, also does not show any error: First, she raises this argument for the first time in the reply brief. *See Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir. 1980) ("appellants cannot raise a new issue for the first time in their reply briefs"). Second, the ALJ was not required to infer, from the MRI results, limitations beyond the "light" level of work that Dr. Thompson found appropriate.

*Cf. Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (ALJs "must be careful not to succumb to the temptation to play doctor").

C.      Inclusion of Severe Impairments in RFC

Plaintiff also assigns error to the ALJ's failure to include limitations from PTSD and carpal tunnel syndrome in her RFC, and thus in the hypothetical the ALJ posed to a vocational expert to determine whether plaintiff is disabled. The ALJ found that both conditions are severe impairments at step two. AR 19.

The ALJ accounted, in the RFC, for some of the limitation from PTSD that plaintiff identifies, limiting plaintiff to "uncomplicated and routine tasks," "incidental interaction with the public," and "occasional interaction with coworkers." AR 23. The ALJ rejected additional limitations from PTSD in discounting the opinions of Ms. Dinnel. AR 33-34. On remand, the ALJ is directed to review Dr. Borchers's and Ms. Dinnel's reports and notes, and consider whether the PTSD and depression symptoms and limitations would change the RFC.

With respect to carpal tunnel syndrome, plaintiff does not identify any specific limitations the ALJ allegedly disregarded. An ALJ's finding that an impairment is severe does not imply that the impairment "must correspond to limitations on a claimant's ability to perform basic work activities. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1229 (9th Cir. 2009). Accordingly, plaintiff does not identify any error in the ALJ's consideration of limitations from carpal tunnel syndrome.

D.      Hypothetical Posed to Vocational Expert

Finally, plaintiff asserts that the hypothetical question the ALJ posed to the vocational expert does not match the RFC in the ALJ's written decision: at the hearing, the ALJ referred to "a reasoning level of no greater than 2," AR 70; but in the written decision, the RFC states that plaintiff "can perform uncomplicated and routine tasks *under* reasoning level 2." AR 23

(emphasis added). However, because the ALJ on remand will need to reassess plaintiff's RFC to account for the lay-witness testimony and mental health evidence discussed above, the Court does not reach this assignment of error.

## REMAND FOR FURTHER PROCEEDINGS

Plaintiff seeks reversal and remand for further administrative proceedings. The decision whether to remand for additional evidence or for an award of benefits "is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ commits an error, and there is uncertainty and ambiguity in the record, and further proceedings can remedy the error, the Court should remand for that purpose, rather than to award benefits. *Leon v. Berryhill,* 880 F.3d 1041, 1045 (9th Cir. 2017); *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The ALJ erred in failing to address significant probative evidence from the lay witnesses, and mental health evidence from Dr. Borchers and Ms. Dinnel in the record that the ALJ was required to take into account and resolve ambiguity. Because that evidence supports plaintiff's allegations of disabling symptoms and limitations, there is uncertainty in the record as to whether the ALJ's RFC assessment—and therefore his step five determination and finding of non-disability—is supported by substantial evidence. These are issues that the Commissioner must resolve on remand.

## CONCLUSION

For the foregoing reasons, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED to the Commissioner for further administrative proceedings in accordance with the findings herein.

Dated this 26th day of February, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge